CHURCHILL PARKER, PLAINTIFF IN ERROR, V. JOSEPH NAN-
SON, ET AL., DEFENDANTS IN ERROR.

1. Action for Use and Occupation: VERDICT FOR THE PLAIN-
   TIFF. Evidence examined, *held*, not to support the verdict, and
   a new trial awarded.
2. Landlord and Tenant. A tenant in possession of property
   under a lease cannot dispute his landlord's title, nor take from
   another a paramount title to the injury of his landlord, nor ab-
   solve himself from the payment of rent to his landlord, by tak-
   ing a lease from a stranger.

ERROR to the district court for Douglas county. Tried
below before SAVAGE, J.

*Kennedy & Gilbert*, and *John D. Howe*, for plaintiff in
error.

*Redick & Connell*, for defendants in error.

LAKE, CH. J.

The verdict in this case cannot possibly be upheld.
The evidence is overwhelmingly against it. Even that
introduced by the defendants in error alone does not
support it.

The action was brought to recover for the wrongful use
and occupation of certain premises, belonging to the de-
fendants in error, which they allege the plaintiff in error
did "on the 8th day of September, 1877, and while said
premises were in the peaceable possession of" the defend-
ants in error, "wrongfully and unlawfully obtain and
take possession," and did keep them out of possession,
"from said last mentioned date until about the 8th day
of February, 1879," by reason of which they have "sus-
tained damages in the sum of twelve hundred and seventy-
five dollars."

There is not a particle of evidence to show this charge

to be true.  It is not proved that Parker was in the occupancy of the premises during any portion of the time mentioned, but on the contrary it is conclusively shown that he was not.  The uncontroverted evidence is that on the 6th of September, 1877, the defendants in error, being then the equitable owners, through their agents and attorneys John I. Redick and W. J. Connell, executed a. lease of said premises, running six months, to Susan T. King, the wife of R. G. King, who for several years previous to this time was the owner, and in the actual occupancy thereof.  The lease was executed by "Susan T. King, by R. G. King, agt."  The rent reserved was $225.00, payable Sept. 20th, 1877, and three other payments of $75.00 each, on the 6th days of Dec., Jan., and Feb. following.  Under this lease King and his wife, who were already in possession, continued to occupy said premises during the whole of said term, which expired March 5th, 1878, and afterwards, until the 18th of that month, when they were taken possession of by O. P. Hurford, as receiver, duly appointed by the United States circuit court for the district of Nebraska, in the suit of *The First National Bank of Omaha v. Susan T. King, and others*, in which suit the defendants in error were parties.  Hurford remained in possession until long after the time for which damages were claimed against Parker.

The only connection that the plaintiff in error had with the premises in question, briefly stated, is this.  Having an equitable interest in them, subject, however, as it appears, to that of the defendants in error, and learning that the legal title to an eighty acre tract, of which the premises in question were a part, was held by the Omaha and Northwestern Railroad Company, he procured a conveyance in fee to himself, without their knowledge, and on the 14th of January, 1878, gave a lease thereof to said R. G. King, for the term of two years, at a stipulated rent.  This lease contained a provision to the effect that

if King paid the rent agreed upon, together with certain other obligations which Parker held against him, taxes, etc., he would convey the land to Susan T. King, according to the conditions of a contract also entered into with her sometime previous.   It is not shown that King or his wife paid any rent, or performed any of the stipulations of said lease or contract on their part.   Their occupancy, which commenced under the lease taken from Redick & Connell as before stated, was not interrupted until by the entry of the receiver Hurford, under the order of the court.   Under this state of facts, it seems very clear to us that no cause of action is shown against Parker, and that the recovery was unwarranted.   King and his wife were the tenants of the defendants in error.   Between them the relation of landlord and tenant was established by the lease from Redick & Connell, and this relationship was not in the least affected by the taking of a subsequent lease or contract from Parker.   They, and not Parker, were liable for such occupancy.

In 1 Greenleaf on Evidence, sec. 25, it is said: "It was an early rule of feudal policy that the tenant should not be permitted to deny the title of the lord, from whom he had received investiture, and whose liegeman he had become; but as long as that relation existed, the title of the lord was conclusively presumed against the tenant to be perfect and valid.   And though the feudal reasons of the rule have long since ceased yet other reasons of public policy have arisen in their place, thereby preserving the rule in its original vigor."

And in 1 Phillips on Evidence, Cowen & Hills, and Edwards' Notes, 467: "Where a tenancy is created by a lease by deed indented, the tenant may be estopped from saying anything repugnant to it, according to the strict law of estoppels as applicable to deeds.   Where the lease is not by deed, the tenant, or any person claiming under him, is precluded from objecting to the title of the land-

lord from whom he has received possession, or to the title of any party claiming under his landlord." And the rule is the same where the tenant takes the lease, while he is in possession. *McConnell v. Bowdry's Heirs*, 4 Monroe, 392. So, too, if the tenant hold over after the expiration of his term. *Mattis v. Robinson*, 1 Neb., 1.

Such being the facts and the law applicable thereto, we are of the opinion that the court erred in refusing to give to the jury several instructions requested by counsel for the plaintiff in error, among which were the following:

"11. There is no dispute that King at the time he took the lease of the mill property from Redick & Connell, Sept. 6th, 1877, became the tenant of Redick & Connell, and was holden to them for the rents of the mill under said lease for the full term specified in the lease."

"12. King, while in possession of said property, under said lease, as the tenant of Redick & Connell, could not take a paramount title from Parker, or any one else, to the injury or detriment of his landlords. In other words, King could not dispute the title of his landlords, Redick & Connell, to the property, nor absolve himself from the payment of rent to them during the existence of that relation by acknowledging Parker as his landlord, or by taking a lease from him."

"13. The conveyance by Redick &. Connell to the plaintiffs during the life of the lease carried with it all the rights that Redick & Connell had, and so long as King occupied the mill property under that lease, after that date, as between him and the plaintiffs, he was their tenant, and was liable to them for such use and occupation of the mill property for that time."

There are several other matters of alleged error relied on, but the ones we have here noticed being radical and decisive of the case, we will not take time to refer to them.

The judgment must be reversed, and a new trial awarded.

REVERSED AND REMANDED.