W. NISSEN v. J. E. TURNER.

FILED JANUARY 7, 1897. No. 6970.

Landlord and Tenant: RENT: TO WHOM PAYABLE. To an action for rent the defendant pleaded that he had been induced to enter into the lease by the plaintiff's falsely and fraudulently representing to him that he was the owner of the demised premises, whereas in fact he was not the owner and had no authority to lease the same; that thereafter the defendant had accepted a lease from and paid rent to the true owner. *Held,* Not to state a defense, there being no averment that the lessee had not entered into possession, or that he had been kept out of possession or evicted by the holder of the paramount title, or that he had surrendered the lease.

ERROR from the district court of Thurston county. Tried below before NORRIS, J. *Affirmed.*

*Jay & Beck* and *Guy T. Graves,* for plaintiff in error.

*J. M. Curry, contra.*

IRVINE, C.

Turner sued Nissen to recover on two promissory notes executed by Nissen to T. C. Cabney and Francis Cabney

respectively, and alleged to have been indorsed by the Cabneys to Turner before maturity and for value.    An amended answer filed by Nissen admitted the execution of the notes and averred that before their execution the Cabneys, intending to cheat and defraud Nissen, falsely represented to him that they were the owners of certain land in Thurston county, and had good right and lawful authority to lease the same; that Nissen, relying on said representations, leased said land for one year from and after January 19, 1892, and in consideration for said lease executed and delivered the notes sued on; that the Cabneys were not the owners of the land; had no authority to lease it, and that the land was in fact unallotted tribal land belonging to the Omaha Indians, and under the control of their council and the federal agent; that on the 24th day of June, 1892, the agent of said tribe, with the consent of its council, leased said land to Nissen and collected the rent in full; that the notes were therefore without consideration, and that Turner had full knowledge of the facts.    To this answer a general demurrer was sustained and the defendant electing to stand on his amended answer, judgment was entered for the plaintiff.    The defendant prosecutes error.

The judgment of the district court was right.    It is no defense to an action for rent that the lessor was not the owner of the demised premises; and one who accepts a lease and enters into possession may not voluntarily attorn to an adverse claimant.    It is true that if he be evicted under title paramount, he may defend on that ground against rent accruing after the eviction, and under certain circumstances he may surrender, but in order to discharge him from rent there must be either an eviction or an actual surrender.    On the other hand, it is probably true that one who has entered into a lease with another may, in an action for the rent reserved, allege that he was prevented from entering by an adverse claimant in possession; or possibly, after having executed the lease, he may defend against the rent on the ground that before
22

entry as the tenant of the lessor he learned of the existence of a superior title whereunder entry might be prevented or he might be evicted in case he entered. But this answer does not allege that Nissen did not enter under his lease. Nor does it allege that he had been evicted by the holder of the paramount title, nor that he had surrendered. We cannot supply the place of these averments by intendment. They are essential to complete the defense. The answer not containing them the demurrer was properly sustained.

AFFIRMED.