EDWIN W. MOSHER V. OLIVER P. COLE ET AL.

FILED FEBRUARY 16, 1897. No. 7095.

Landlord and Tenant: ACTION FOR RENT: ATTORNMENT. In an action for rent the defendants answered that the lessor had falsely represented that he was the owner of and entitled to control the demised premises, and thereby induced the lessees to enter into the lease, when in fact the lessor did not own the premises and was not entitled to the control thereof or to lease them, and that subsequently the defendants had attorned to and received a lease of the property from the owner, and paid the rent during the time for which it was claimed in the action to the later lessor. *Held*, That inasmuch as the lessee took possession of the premises under the lease by virtue of which the plaintiffs asserted their claim for rent due, and it not being shown that defendants had surrendered their rights under the first lease or been kept out of possession, or that there had been an eviction or its equivalent by the holder of the paramount title, there was no sufficient defense.

ERROR from the district court of York county. Tried below before BATES, J. *Reversed*.

*Gilbert Bros.*, for plaintiff in error.

References: *Mattis v. Robinson*, 1 Neb., 3; 1 Washburn, Real Property, 361; 2 Herman, Estoppel & Res Judicata,

sec. 868; *McAusland v. Pundt*, 1 Neb., 249; *Parker v. Nanson*, 12 Neb., 419; *Denniss v. Twitchell*, 10 Met. [Mass.], 180; *Boyd v. State*, 19 Neb., 128; *Rector v. Gibbon*, 111 U. S., 276.

*F. C. Power, contra.*

References: *Anderson v. Smith*, 63 Ill., 129; *Mattis v. Robinson*, 1 Neb., 3; *Carter v. Marshall*, 72 Ill., 609; *Berridge v. Glassey*, 7 Atl. Rep. [Pa.], 749.

HARRISON, J.

In this case it was alleged for cause of action in plaintiff's petition that on May 9, 1892, Charles Green was lawfully possessed of certain described property in the city of York, this state, which he then leased to the defendants for the term of one year, they to pay therefor the sum of $15 per month in advance for each and every month during the term of the lease; that on July 2, 1892, the plaintiff became the owner of the lease and entitled to the benefits thereof by virtue of an assignment executed by the lessor named in the lease; that defendants were notified of said assignment and gave their assent thereto, and promised in writing, indorsed on said lease, to make payments due thereunder to plaintiff; that defendants had defaulted in five payments due under the terms of the lease, commencing with the payment due September 10, 1892. Defendant's answer was to the effect that Charles Green was not, at the time of the execution of the lease under which the claim in this action accrued, the owner or entitled to the possession or control of the premises leased, and that he had not been since the 31st day of December, 1891, at which date the title and right of possession of said property had been decreed by the district court of York county to be in one Rachel B. Green, to the exclusion of all persons, and especially Charles Green, named as lessor in the contract of lease with defendants; that defendants were induced to enter into said contract by the false representations of Charles

Green that he was the owner and in possession of the property to be affected thereby, and entitled to the control thereof; that long subsequent to the execution of the lease the defendants became informed of the facts in regard to the title and right to possession and control of the property occupied by them by virtue of the lease, and were notified by the agents of Rachel B. Green of her claimed rights in the premises and demand made that defendants vacate the property, and that they would be evicted unless they would attorn to Rachel B. Green and pay to her all moneys due for the use and occupation of the premises; that defendants afterward recognized and acknowledged the rights of Rachel B. Green in the premises and made such payments to her, including the amounts due for the months for which the payments are demanded in the present action.   For plaintiff, in reply, there was a denial of all allegations of the answer in relation to false representations made by Charles Green, at the time of leasing, of and concerning the title to the property and the rights of possession and control thereof. There was an affirmative statement that the case was one on an appeal from the judgment of a justice of the peace, and that in the inferior court no such defense had been made of the issues tried and adjudicated.   The reply also contained an admission of the rendering of the decree December 31, 1891, pleaded in the answer, but alleged the appeal thereof to the supreme court, and the approval and filing of a supersedeas bond; and further, that when the decree was rendered Charles Green was in the possession of the property; that Rachel B. Green had moved the court for a writ of possession of said premises after the rendition of the decree set forth in the answer and her motion had been overruled.   A jury was impaneled and a trial of the issues had.   At the close of the introduction of the evidence the presiding judge instructed the jury to return a verdict for defendants, which instruction was obeyed by that body, and in the regular course of the proceedings judgment was rendered in accordance

with the verdict.    The case has been removed to this court by error proceedings on behalf of the plaintiff.

It is a general rule that a tenant cannot deny his landlord's title in an action to recover the rent moneys accrued under the terms of the lease.    (Washburn, Real Property, 357*.)    In the case of *Nissen v. Turner*, 50 Neb., 272, wherein an action for rent moneys due was attempted to be defended on the ground of want of title in the lessor and title in another, and false representations of lessor in regard to the title, which induced the lessee to execute the contract of lease, it was held: "To an action for rent the defendant pleaded that he had been induced to enter into the lease by the plaintiff's falsely and fraudulently representing to him that he was the owner of the demised premises, whereas in fact he was not the owner and had no authority to lease the same; that thereafter the defendant had accepted a lease from and paid rent to the true owner.    Held not to state a defense, there being no averment that the lessee had not entered into possession, or that he had been kept out of possession or evicted by the holder of the paramount title, or that he had surrendered the lease."    (See, also, *Parker v. Nanson*, 12 Neb., 419; *McAusland v. Pundt*, 1 Neb., 249.)    The facts of the case at bar bring it directly within the rule announced in *Nissen v. Turner;* hence it must be governed thereby.

Counsel for defendant cite and rely upon the decision in the case of *Mattis v. Robinson*, 1 Neb., 3, to sustain their position in this case, and it is stated in the brief of counsel for plaintiff that it was claimed in the trial court to announce the doctrine "that a tenant can yield to a paramount title simply by notifying the landlord, without an actual surrender of possession."    What was, in fact, announced in *Mattis v. Robinson, supra,* was the following: "Wherever there is a paramount title in a third person, who has a right thereby to the possession, and it can be done without any collusion or bad faith to the lessor, the tenant, in order to prevent being expelled by the holder of

that title, to whom, otherwise, he would be rendering himself liable as a trespasser, may yield the possession and attorn to or take from such holder of the title a new lease, or he may abandon the possession. In neither case will he be liable to the first lessor for rent. In the former case he may resist his first lessor's claim to the possession by the new right thereby acquired. In all cases he should notify his landlord of his action." From these statements and the discussion in the body of the opinion it is clear that what is meant is that an eviction, or what is equivalent thereto, by the holder of the paramount title must occur to warrant an attornment by the tenant to such party, and this must be coupled with notice to the landlord or original lessor. The circumstances of the case at bar, as developed by the evidence, were not of a character to bring it within the doctrine of the decision in *Mattis v. Robinson, supra,* or, indeed, within any of the restrictions or limitations of the general rule. It follows that the charge of the trial court to the jury to return a verdict for defendants was erroneous, and the judgment based on the resultant verdict must be reversed and the case remanded.

REVERSED AND REMANDED.