JERRY K. ROSS, APPELLEE, V. DANIEL MCMANIGAL, APPELLANT.

FILED DECEMBER 18, 1900. No. 9,331.

1. **Title to Land: RIGHT TO MAINTAIN ACTION.** A party, whether in actual possession or not, may maintain a suit to establish his title to land against any adverse claimant.

2. **Finding: TESTIMONY.** A finding based upon substantially conflicting testimony will not be disturbed.

3. **Tenant Can Not Dispute Landlord's Title.** Before a tenant can initiate an adverse holding and set the statute of limitations running in his favor, he must either yield up possession, or else distinctly repudiate the relation created by the lease and bring home to the lessor knowledge of the fact that the tenancy has been terminated.

APPEAL from the district court for Washington county. Heard below before DICKINSON, J. *Affirmed.*

*Andrew R. Oleson* and *Clark C. McNish,* for appellant.

*F. S. Howell, contra.*

SULLIVAN, J.

Jerry K. Ross, claiming to be the owner of the real estate described in the petition, instituted this action in

the district court for Washington county, to quiet and confirm his title against an adverse claim of ownership set up by the defendant, Daniel McManigal. All the disputed questions were resolved in favor of the plaintiff, and he was awarded the relief for which he prayed. The first argument made for a reversal of the judgment is that the defendant being in possession of the property and the plaintiff out of possession, the court was without authority to adjudicate upon their rights in this form of action. This contention can not be sustained. It is now firmly settled in this state, contrary to some early decisions, but in accordance with the plain purport of the statutes (Compiled Statutes, 1899, ch. 73, sec. 57), that a party, whether in actual possession or not, may maintain a suit to establish his title to land against any adverse claimant. *Foree v. Stubbs*, 41 Nebr., 271; *Hall v. Hooper*, 47 Nebr., 111; *Euyrs v. Nason*, 54 Nebr., 143.

The only other question relied upon for a reversal is that the evidence does not warrant the conclusion of the trial court, that the litigants sustained to each other the relation of landlord and tenant from 1874 to 1896, the period in which McManigal claims his adverse occupancy of the premises ripened into a perfect title. While the greater number of witnesses testified for the defendant upon this point, we are disposed to think that the conflict in the testimony is of so substantial a character that we would not be justified in disturbing the findings made by the able and careful trial judge, who had far better means of determining the weight and value of the evidence than we possess. If McManigal entered upon the land of Ross's tenant and did not afterwards surrender possession, he could not acquire an adverse title under the statute of limitations, unless Ross knew that he was holding adversely. It is an ancient principle of the common law, founded upon considerations of expediency and justice, that a tenant must deal in good faith with his landlord. He is bound to surrender possession of the demised premises at the expiration of the

lease, and if he fail to do so, it will be presumed that he continues to hold in the character of a tenant. This presumption, it is true, is not an irrebuttable one, but it can not be overcome by evidence of a secret purpose on the part of the tenant to hold adversely. *Thrall v. Omaha Hotel Co.*, 5 Nebr., 295; *Lausman v. Drahos*, 10 Nebr., 172; *Schields v. Horbach*, 49 Nebr., 262. Before he can initiate an adverse holding and set the statute of limitations running in his favor, he must either yield up possession or else distinctly repudiate the relation created by the lease and bring home to the lessor knowledge of the fact that the tenancy has been terminated. *Smith v. Hitchcock*, 38 Nebr., 104; *Johnson v. Butt*, 46 Nebr., 220; *Pulford v. Whicher*, 76 Wis., 555; *Rigg v. Cook*, 9 Ill., 336; Am. & Eng. Ency. Law [2d ed.], 811. The failure to pay rent, even in the absence of a demand, does not make the possession adverse; it does not raise a presumption that the lessee has renounced the title under which his tenure commenced. The findings, which were against the defendant on every contested point, justify the conclusion that the possession of McManigal from 1874 to 1896 was the possesion of Ross, and that consequently the action was not barred by limitation.

The judgment is

AFFIRMED.