Lee Card, appellant, v. Henry Deans, appellee.

Filed March 20, 1909.   No. 15,517.

1. **Ejectment:** Equitable Defenses: Trial to Court. In ejectment, when the defendant prays for affirmative equitable relief and pleads facts entitling him thereto, such issues are triable to the court without a jury.

2. ———: Landlord and Tenant: Defenses. The general rule that plaintiff in ejectment must recover on the strength of his own title is not applicable when the defendant obtained possession as tenant of the plaintiff and refuses to vacate at the expiration of his lease. In such case the defendant cannot acquire and set up a superior outstanding title against his landlord until he has first surrendered possession, unless such purchase was necessary to protect his leasehold possession.

3. **Guardian and Ward:** Sale of Land: Oath. A sale of real estate by a guardian is void, if he does not take and subscribe the oath prescribed by section 55, ch. 23, Comp. St. 1907, before he fixes upon the time and place of sale.

Appeal from the district court for Dawes county: William H. Westover, Judge. *Reversed with directions.*

*Allen G. Fisher,* for appellant.

*Albert W. Crites, contra.*

Good, C.

Plaintiff brought this action in ejectment for the recovery of the northwest quarter of section 33, township 31 north, range 49 west of the Sixth P. M, in Dawes county, Nebraska. Defendant admitted possession, denied plaintiff's title, alleged title in himself and other facts which he claimed estopped plaintiff from asserting title as against him, and prayed to have his title quieted as against plaintiff. In his reply plaintiff alleged that he had leased the premises to defendant, who, under the lease, had entered into and ever since remained in possession thereof; that the lease had by its terms expired; that defendant refused to surrender possession, and that he was estopped

from denying plaintiff's title. Plaintiff's request for a jury trial was denied and the cause tried to the court. Defendant had judgment quieting his title as against plaintiff, who has appealed.

The record discloses that some time prior to January 1, 1900, Orville J. Wressell, a resident of California, died intestate, seized of said premises, and that he left surviving him his widow, Minnie Wressell, and an infant daughter, Ruth. In April, 1904, Mrs. Wressell executed and delivered to plaintiff a warranty deed to said land, and in May following plaintiff leased said premises to defendant for a term of two years. The guardian of Ruth Wressell instituted proceedings for the sale of said land as the property of his ward, which proceedings resulted in a sale of said land to defendant in April, 1905. The sale was later confirmed and deed issued June 19, 1905. At this sale plaintiff and defendant were both bidders, and plaintiff witnessed the execution of the guardian's deed, and as stenographer and clerk for the guardian's attorney drew most of the papers in the proceedings by the guardian for the sale of the land. This action was begun October 10, 1906.

Plaintiff complains because he was refused a jury trial. The petition was such as is usual in actions in ejectment, but the defendant alleged ownership of the real estate, and prayed for affirmative equitable relief, which could not be granted in a jury trial. This court has held that in a law action where the answer sets up an equitable counterclaim the cause is triable to the court. *Hotaling v. Tecumseh Nat. Bank,* 55 Neb. 5. In *Jewett v. Black,* 60 Neb. 173, it was held that in an action in ejectment where the defendant prays for affirmative equitable relief, and pleads facts entitling him thereto, the issues are triable to the court without a jury. The case at bar falls within this rule, and a jury trial was properly denied.

Plaintiff contends that the judgment is not sustained by the evidence. This requires an examination of the relations existing between the parties and of their re-

spective claims of title. Plaintiff's title rests wholly upon the deed from Mrs. Wressell. It is contended that the land was the homestead of Orville J. Wressell at his death, and that the homestead descended to Mrs. Wressell, and by her deed her unassigned dower and homestead estates passed to plaintiff. The evidence shows that Orville J. Wressell never lived upon the land after his marriage, and that he was a resident of California at his death. He had no right of homestead in the land and none descended to his widow. The only interest she acquired in the land was a dower estate which has never been assigned or set off to her or her grantee.

It is a general rule in ejectment that plaintiff must rely for recovery upon the strength of his own title, and not upon the weakness of his adversary, and in this state he must, as a general rule, allege and prove a legal estate in himself and an immediate right to the possession. There are cases, however, to which these rules do not apply. It is a familiar rule generally established in this state that a tenant will not be permitted to deny his landlord's title, nor will he be permitted to acquire or set up against his landlord a superior title, unless it is done to protect him in his possession under his lease. *Mattis v. Robinson,* 1 Neb. 3; *Thrall v. Omaha Hotel Co.,* 5 Neb. 295; *Lansman v. Drahos,* 10 Neb. 172; *Parker v. Nanson,* 12 Neb. 419; *Nissen v. Turner,* 50 Neb. 272; *Mosher v. Cole,* 50 Neb. 636; *Ross v. McManigal,* 61 Neb. 90; *Iowa Savings Bank v. Frink,* 1 Neb. (Unof.) 14. In the instant case the defendant obtained possession of the land in controversy under a lease from plaintiff, and has never surrendered possession to him. Defendant's possession was not threatened, and he was therefore not compelled to buy a superior outstanding title to protect him in the enjoyment of his lease. Defendant claims that he was induced to accept the lease from plaintiff by the latter's fraudulently misrepresenting that he was the owner of the land and entitled to lease the same. It is admitted that defendant questioned plaintiff's ownership and right

to lease the land prior to the execution of the lease, and that plaintiff then exhibited his deed from Mrs. Wressell, but plaintiff denies that he asserted the ownership of fee title to the land. It is disclosed that defendant knew of Wressell's ownership of the land and of his death, and that defendant had previously rented the land from Mrs. Wressell. The record does not affirmatively show that plaintiff fraudulently induced the defendant to accept the lease of the land.

Defendant further contends that the part taken by plaintiff in the guardian's sale estops him from asserting any claim of title to the land, and relieves defendant as tenant from the estoppel of denying his landlord's title. In this view we cannot concur. Plaintiff was not the attorney for the guardian in the proceedings to sell the land, and made no representations to defendant as to the title which was being sold. Defendant bought with his eyes open, and the rule of *caveat emptor* applies. Plaintiff had a right to buy in the title of the minor, which, with the unassigned dower of Mrs. Wressell, would have given him a complete and perfect title, provided the guardian's sale had been regular. The fact that plaintiff bid on the land at the guardian's sale is not sufficient to preclude him from asserting whatever title he had, nor is it sufficient to permit defendant to deny his landlord's title. It appears that the guardian did not, before he fixed upon the time and place of sale, take and subscribe the oath required by section 55, ch. 23, Comp. St. 1907. Such failure rendered the guardian's sale void. *Bachelor v. Korb*, 58 Neb. 122; *Levara v. McNeny*, 5 Neb. (Unof.) 321. It thus appears that defendant acquired no title by the guardian's sale, and the judgment entered by the district court quieting title in defendant was erroneous. Because defendant was not in a position to deny plaintiff's title judgment should have been rendered for plaintiff awarding the possession of the land to him.

We therefore recommend that the judgment of the district court be reversed and the cause remanded, with

instructions to enter judgment awarding possession of the premises to plaintiff.

DUFFIE, EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with instructions to enter judgment awarding possession of the premises to plaintiff.

REVERSED.