WILLIAM H. MACUMBER, ADMINISTRATOR, ET AL., APPEL-
LEES, V. JEROME C. GILLETT ET AL., APPELLANTS.

294 N. W. 854

FILED NOVEMBER 29, 1940. No. 30889.

*Charles A. Fisher* and *Porter & Porter,* for appellants.

*Greydon L. Nichols, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

This was an action against plaintiff's tenants and some third parties, to have it decreed (1) that a tax deed, based upon some tax sale certificates, was void for irregularity in the proceedings; (2) that, if any interest or title had passed under the deed, it was being held in the name of a third party defendant for the benefit of plaintiff's tenants, who could not lawfully acquire the property through tax sale proceedings as against their landlord, and who were therefore merely trustees for plaintiff; (3) that plaintiff's title should be quieted to the real estate as against all the defendants; and (4) that an accounting should be taken of the rents due plaintiff from his tenants for occupation of the property. From a decree for plaintiff, canceling the tax deed, quieting his title, and rendering judgment against the tenants for $3,557.28 rent, after crediting the amount of taxes paid in connection with the tax title, the tenants and defendant Emma Dickerson, who was the mother-in-law of one of the tenants and who purported to hold title by conveyance from the grantee in the tax deed, have appealed. Plaintiff has since died, and the action, by stipulation, has been revived in the names of the administrator of the estate and plaintiff's heirs at law. For convenience, we shall refer to the plaintiff as if his death had not occurred.

Plaintiff had made a written lease with defendants Jerome C. Gillett and Rowland H. Gillett covering the property involved, for a five-year term, from March 1, 1926, to March 1, 1931, with a purchase option which could be exercised on or before January 1, 1931. The Gilletts never exercised the purchase option, but, on the expiration of the written lease, they continued to occupy the property, without a surrender. Plaintiff failed to pay the 1928 taxes, and, on November 4, 1929, defendant John O'Keefe purchased tax sale certificates thereon. O'Keefe thereafter purported

to assign his rights under the tax sale certificates to defendant William H. Pittam by indorsement thereof in blank, and on February 10, 1932, the county treasurer executed a tax deed in favor of Pittam. On February 25, 1932, Pittam in turn executed a conveyance in favor of Emma Dickerson, the mother-in-law of Rowland H. Gillett. This action was commenced on May 3, 1933. An amended petition was filed on February 28, 1938, which is the one on which trial was had.

During all this time, down to and including the trial, the Gilletts remained in possession of the property, without any repudiation of their tenancy and without entering into any new relationship with either Pittam or Emma Dickerson. It was plaintiff's contention, and the trial court so found, that Pittam and Emma Dickerson were merely tools of the Gilletts. Neither ever actually paid any money of their own to acquire the title. The father of the Gilletts advanced the money for the assignment of the tax sale certificates from O'Keefe and the acquiring of the tax deed, including payment of the taxes then due on the property, and there was no consideration for the conveyance from Pittam to Emma Dickerson. The record shows, as a matter of fact, that the tax sale certificates had been taken over in March, 1931, from O'Keefe by the attorney for the Gilletts, and that they were first delivered to Pittam by the Gilletts, just before proceedings were had to obtain the tax deed. In this situation, the trial court held that plaintiff was entitled to have it decreed that such title as might have passed under the tax deed was being held in trust for his benefit or with a right of redemption in his favor.

The trial court further held that the sale proceedings were in fact void because the notice of sale had failed to state "that so much of each tract of land described in the notice as may be necessary will be sold to satisfy the taxes," and that the deed itself was invalid because it was not based on a proper notice to the necessary parties before the deed was issued.

The first assignment of error argued by defendants is

the overruling of their motion to require plaintiff to separately state and number his causes of action. It may be considered together with the contention that defendants' demurrer for misjoinder of causes of action ought also to have been sustained. Without entering into a discussion of whether the petition failed properly to state and number plaintiff's causes of action, or whether there was in fact a misjoinder of causes of action, we would not in any event, from the nature of the action and the proceedings had on the trial, be justified in reversing the judgment in this case on either of these grounds. A judgment will not be reversed on appeal for the failure of the trial court to require plaintiff to state and number his causes of action separately or for a misjoinder of causes of action, where the case is of such a nature and the proceedings had on the trial are such as to indicate that no substantial right of the defendant was prejudicially affected. Comp. St. 1929, sec. 20-853; *White v. First Nat. Bank,* 104 Neb. 142, 176 N. W. 79.

The next contention is that the amended petition failed to state a cause of action because it was filed more than five years after the tax deed was recorded. The original petition, however, was filed in 1933, approximately a year after the tax deed was issued. The amended petition contains a fuller statement of the facts and the relationships between the Gilletts, Pittam and Emma Dickerson, but sufficient is set out in the original petition to show that plaintiff was asserting that the conveyances to Pittam and Emma Dickerson were subterfuges, and that the Gilletts, as his tenants, could not acquire any right in the property from which he could not redeem. "The statute of limitations does not run against an amended pleading wherein the amendment consists in setting forth a more complete statement of the original cause of action." *Norfolk Beet-Sugar Co. v. Hight,* 59 Neb. 100, 80 N. W. 276; *Kennedy v. Potts,* 128 Neb. 213, 258 N. W. 471. This contention, of course, does not involve the portion of the petition relating to the irregularities in the tax sale proceedings and in the issuance of the deed.

Defendants further claim that the amended petition is

fatally defective because it does not show that plaintiff has paid the taxes subsequently assessed against the property. Section 77-2029, Comp. St. 1929, provides: "No person shall be permitted to question the title acquired by a treasurer's deed without first showing that * * * all taxes due upon the property had been paid by such person or the persons under whom he claims title * * *." In *Cornell v. Maverick Loan & Trust Co.*, 95 Neb. 842, 147 N. W. 697, it was held, however, that "It is not essential to the commencement of a suit to set aside a tax deed and redeem property from tax sale that all taxes due on the property be first paid. It will be sufficient if all taxes are paid at or before the trial and entry of the decree." The opinion says: "We are of the opinion that it makes no difference whether at the time of the commencement of the suit the taxes due are paid or not. The 'showing' of taxes paid is at the trial, and if all taxes are paid before or during the trial, or before final judgment, that is enough." In this case the court required plaintiff to show that the taxes due had been paid before decree was entered, and this was sufficient.

It is next contended that the court erred in overruling defendant Emma Dickerson's application for a continuance. The affidavits in support of the application are not embodied in the bill of exceptions. "Affidavits used on the hearing of a motion for a continuance cannot be considered in the appellate court unless preserved by a bill of exceptions." *Nelson & Cook v. Johnson*, 44 Neb. 7, 62 N. W. 244. This contention of defendants is therefore not open to consideration.

The next contention urged is that the court erred in offsetting the amounts paid for the tax sale certificates and in acquiring the tax deed against the rents due plaintiff from the Gilletts. While the amounts paid on a tax sale cannot ordinarily be made the subject of set-off in an action to redeem, but must be paid in full by the owner, they may properly be so applied by a court of equity upon rents due from a tenant, where the latter has purchased the property without a surrender or a repudiation, and the landlord

brings an action for redemption and for an accounting of the rents due during the tenant's continued occupancy. The general rule is: "The relation existing between a landlord and his tenant is deemed to be such as will not permit the latter to take advantage of the omission of his landlord to pay the taxes and obtain an independent title to the land through a tax sale." 61 C. J. 1203. See, also, *Lausman v. Drahos*, 10 Neb. 172, 4 N. W. 956; *Ross v. McManigal*, 61 Neb. 90, 84 N. W. 610; *Card v. Deans*, 84 Neb. 4, 120 N. W. 440. Defendants argue, however, that the money was not paid by the Gilletts but by their father, and that in any event Mrs. Dickerson would be entitled to reimbursement for it, as the holder of the title. We agree with the trial court that the entire transaction was that of the Gillett brothers, and that, after the assignment of the certificates by O'Keefe, all the other parties were merely acting as straw men.

It is contended that defendants were taken by surprise on plaintiff's evidence as to the value of the use and occupancy of the land and had no testimony to rebut it. A judgment will not ordinarily be reversed on appeal for surprise at the trial, where no request is made for a continuance at the time and there is no showing of inability to meet the situation.

The finding of the trial court upon the rental value of the property is amply supported by the evidence, and, in the absence of contrary proof upon the issue, we shall not waste time upon the contention of defendants that it is excessive. It is unnecessary also to discuss the nature of the defects in the tax sale proceedings, under the views here taken.

AFFIRMED.