## CAVANAUGH *v.* CLINCH *et al.*, executors.

1. A tenant from year to year who gave notice of his intention to terminate his tenancy at the expiration of the current year, and who on the last day of the year tendered the keys to the landlord, and upon his refusal to receive them put them in the doors of the buildings, but nevertheless continued for two weeks or more to use a portion of the premises for storing some of his property previously placed thereon, and for delivering it to his customers by means of vehicles of his own, loaded at the premises and unloaded at the customers' residences or places of business, held over so as to subject himself, at the landlord's election, to be treated as taking the premises and becoming liable for rent at the prior contract rate for a further term of one year.

2. There was no error in dismissing the exceptions to the award upon demurrer thereto, construing the exceptions in the light of the whole record.

January 11, 1892.

Landlord and tenant.    Before Judge HARDEN.    Chatham superior court.    June term, 1891.

Matters in dispute between Clinch and Cunningham, executors of Waldburg, and Cavanaugh, were submitted to arbitration. Cavanaugh filed several exceptions to the award made. These were demurred to, on the ground that none of them showed any cause for setting aside the award. The demurrer was sustained, and Cavanaugh excepted. The opinion states the material facts.

J. A. CRONK, R. R. RICHARDS and O'CONNOR & O'BYRNE, for plaintiff in error.

R. G. ERWIN, *contra.*

LUMPKIN, Justice.

Cavanaugh had been a tenant of the property in question, consisting of a store and wharf lot, from year to year for many years. November 21, 1888, he gave the requisite notice that he would vacate the premises at the expiration of his lease on March 1, 1889. On January 21, 1889, he wrote Cunningham, one of the executors in charge of the property, that he desired to remain a tenant, and asked to be advised upon what terms and conditions he could obtain his desire, to which Cunningham replied that he had conferred with his co-executor, and they were willing for Cavanaugh to rent the property on the same terms and conditions upon which he then had it. No further communications having passed, on March 1, 1889, Cavanaugh's brother tendered the keys of the building to Cunningham, who refused to receive them, claiming that Cavanaugh was bound as his tenant for another year. This brother at the same time stated that Cavanaugh desired to retain the use of the wharf for a time till he could sell the coal then on it. Cunningham declined to enter into negotiations on this subject, saying he held Cavanaugh as his tenant. This conversation was reported to the tenant./ Whether or not the facts recited would have been sufficient to sustain Cunningham's claim, and subject Cavanaugh to the payment of another year's rent, they at least show that Cavanaugh should be held to the strict letter of the law in determining the question of his liability on these and the facts subsequently occurring. After inducing his landlords to believe he intended to keep the property, and allowing them to remain in this belief till the expiration of his term, he suddenly announces that he will not do so, without having given them any opportunity to find another tenant. But granting he had the right to surrender the property in this manner and thus terminate his tenancy, he did not exercise this right.

On the contrary, with express notice that his landlords held him as tenant, and without their permission, which he had requested, to use a portion of the property for a limited time and for a particular purpose, he continued to so use it for about two weeks. Under the circumstances, there can be no doubt that it was the duty of this tenant to surrender the premises completely and entirely at the expiration of his term, if he wished to end the tenancy. Having not only failed to do this, but having persisted in the manner stated, in continuing to use a part of the property beyond the term, his landlords had a perfect right to treat him as taking the entire premises, and holding him liable for another year's rent at the prior contract rate. In our opinion, this ruling covers both the law and justice of this case.

*Judgment affirmed.*