RUSSELL SAGE v. LARS HALVERSON.

May 19, 1898.

Nos. 11,004—(84).

**Estoppel to Deny Landlord's Title—Surrender of Possession—Fraud or Mistake.**

The tenant who takes a lease under seal, signed by both parties, cannot, as long as he remains in possession, deny his landlord's title, even though such tenant was in possession when the lease was made, and he claims that he was at that time himself the owner. In order to remove the estoppel, he must surrender the possession. Conceding that he may, without surrendering possession, avoid the estoppel for fraud or mistake, *held*, the evidence does not warrant a verdict in his favor on any such ground.

Action by Russell Sage, as assignee in trust of the Hastings & Dakota Railway Company, in the district court for Chippewa county. From an order, Qvale, J., denying a motion for a new trial, plaintiff appealed. Reversed.

*Owen Morris* and *Lyndon A. Smith*, for appellant.

*C. A. Fosnes*, for respondent.

CANTY, J.

This is an action of ejectment for a quarter section of land. Defendant in his answer admits that he is in possession, and, in effect, denies plaintiff's title, and claims to be the owner himself. On the trial defendant had a verdict, and from an order denying a new trial plaintiff appeals.

On the trial defendant sought to prove that he had been in adverse possession of the premises for 15 years prior to December 29,

1893, on which day he took a lease from plaintiff. This lease is under seal, is signed by defendant, and purports to be signed by plaintiff, by his agent. By its terms it leased to defendant the land in question "for the term of the season of 1894, ending October 1, 1894," in consideration of which defendant agreed to pay as rent therefor $75, "$15 cash, and $60 January 29, 1894, according to one promissory note of even date herewith." He executed this note at the time, and paid it in the fall of 1894. He received a duplicate of this lease at the time, which he retained and gave to his lawyer. He subsequently signed an agreement, which also purports to be signed by plaintiff, by his agent, and by the terms of which the lease was extended to October 1, 1895. In consideration thereof defendant agreed to pay $75 on October 25, 1895, according to the terms of his note. He executed this note to plaintiff, and subsequently paid it. The lease and contract of extension were received in evidence, without any objection on the ground that the authority of plaintiff's agent to sign the contract for him was not proved, and defendant has by the whole course of his conduct admitted such authority. Defendant continued in possession during all of this time, and thereafter to the time of the trial.

We are of the opinion that, under these circumstances, he was estopped to deny plaintiff's title.

"It is a well settled general rule, that a lessee cannot deny the title of his landlord, and this rule applies whether the tenant was in possession before the lease was made or not." 1 Wood, Landl. & T. § 232; Lucas v. Brooks, 18 Wall. 436.

Conceding that the tenant may avoid this estoppel on the ground of fraud or mistake, and conceding, without deciding, that this defendant might have done so under the pleadings in this action, we are clearly of the opinion that the evidence does not warrant a verdict in his favor on any such ground. He testified on the trial that he cannot read English, and claimed that he did not understand what the lease and contract meant; but this claim can be given no weight under the circumstances. Unless he was non compos, he could not have gone on for two years making leases and notes, paying them and paying rent, without knowing what he was

doing. Then, even if the statute of limitations had run in defendant's favor before he signed the lease, December 29, 1893, so that he was then the owner of the land by prescription, and although he was in possession when he executed the lease, he is estopped from denying plaintiff's title as long as he remains in possession. In order to assert his title, he must first surrender possession. The result arrived at is not in conflict with Clary v. O'Shea, supra, page 105. The doctrine there laid down does not apply to a case where there is a lease under seal signed by both parties.

This disposes of the case, and renders it unnecessary to consider the other questions raised.

The order appealed from is reversed, and a new trial granted.