MICHAEL MOORE *vs.* STEPHEN W. MANSFIELD & another.

Essex. November 5, 1902. — November 25, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Landlord and Tenant. Contract,* Implied.

Whether a tenant who has hired an entire house and entered it is in possession of the interior of a locked room of which the landlord has retained the key, *quære.*

A tenant hired an entire house.by a parol lease and took possession. The attic was locked and contained goods belonging to the landlord. The tenant did not know this at first. Later he found it out and asked for the key and the use of the attic but never got either while he occupied the house. *Held,* that the landlord could not recover rent. The tenant having entered without knowing that the room was locked there was no waiver on his part and the landlord could not recover on the express contract because he had not furnished the stipulated consideration. Nor could he recover on an implied contract for the benefit actually received, because the failure to furnish the whole was due to his own wilful fault.

One who by his wilful fault has failed to furnish a part of something which he has agreed to furnish under an entire contract cannot recover on an implied contract for the benefit actually received from the part furnished.

HOLMES, C. J. This is a bill to reach and apply the proceeds of a judgment recovered by the defendant Mansfield to the payment of a debt alleged to be due to the plaintiff for use and occupation. The bill was dismissed by the Chief Justice of the Superior Court, and the facts found by him were reported under the statute, substantially as follows: The defendant hired of the plaintiff an entire house by a parol lease, and took possession. At the time, the attic was locked and contained goods belonging to the plaintiff. The defendant did not find this out at first, but when he did he asked for the key and the use of the attic but never got it while he occupied the house. The judge found that there was a partial eviction and dismissed the bill, seemingly on this ground and the further one that the equitable process given by R. L. c. 159, § 3, cl. 7, to reach and apply certain property "in payment of a debt," would not be available upon a claim for an unascertained amount for use and occupation. The question is whether the facts found show the decree to have been wrong.

We say nothing about the latter ground inasmuch as we are of opinion that the former is good in substance, so far as appears from any facts stated in the report. The plaintiff contends that there was no eviction because the defendant never had possession of the room. *Townsend* v. *Nickerson Wharf Co.* 117 Mass. 501. *Vanderpool* v. *Smith*, 1 Daly, 311. If the question were material, it would raise the difficulty that while the defendant had possession of the whole land and of the room on the outside considered as an enclosed cube, yet if the analogy of the cases on larceny by carriers breaking bulk were followed, he would not have possession of the contents of the room ; and, by the same argument, perhaps not of the inside of the room itself. Y. B. 13 Ed. IV. 9, pl. 5. Fairfax, J., in Keilwey, 160, pl. 2. 8 Ed. II. 275 ; *S. C.* Fitz. Abr. *Detinue*, pl. 59. 2 Bish. Crim. Law, (8th ed.) §§ 834, 860. The true reason appears from the old books. Perhaps possession by the tenant would be presumed until the landlord's refusal gave an expressly adverse character to the landlord's conduct, on the ground that the tenant lawfully might have unlocked the door. But it does not matter whether the refusal to give up the room was a failure to perform the whole contract from the beginning, or a partial eviction after performance at the outset. The difference would be material only if there were a question of waiver involved. But there is no such question in the case. The tenant entered not knowing that the room was locked, and no fact later than the entry is recited which implied a waiver. All that appears is that the failure to open the room continued during the tenancy, and that the tenant insisted upon his rights. There being no waiver the plaintiff could not recover on the express contract because he had not furnished the stipulated consideration, and he could not recover upon an implied one for the benefit actually received because the failure to furnish the whole was due to his own wilful fault. *Leishman* v. *White*, 1 Allen, 489. *Royce* v. *Guggenheim*, 106 Mass. 201, 202. *Smith* v. *McEnany*, 170 Mass. 26. It may be that in this class of cases the old common law is adhered to a little more rigidly than in some others. See *Gillis* v. *Cobe*, 177 Mass. 584. The absence of a written lease makes no difference. *Colburn* v. *Morrill*, 117 Mass. 262, 264.

The distinction taken by Taylor, Landl. & Ten. (8th ed.)

§ 379, between eviction and refusal to put the tenant in possession of some privilege which he ought to have enjoyed, very likely is sound with regard to the cases which the author cited and had in mind, that is to say, with regard to cases where the tenant entered and occupied the demised premises, and there was a subsequent failure to perform a covenant for an improvement or one affecting the enjoyment of the premises. *Etheridge* v. *Osborn*, 12 Wend. 529. *Chicago Legal News Co.* v. *Browne*, 103 Ill. 317, 320. See also *Allen* v. *Pell*, 4 Wend. 505. And so it might be where there was a known failure at the outset to give possession of all the stipulated land and the entry of the tenant showed a waiver of compliance with the strict terms of the lease.

*Decree affirmed.*

*P. A. Kiely*, for the plaintiff.
*J. C. Johnston*, for the defendant Mansfield.