HENRY GIES V. STORZ BREWING COMPANY.

FILED FEBRUARY 8, 1906. No. 14,042.

1. **Forcible Entry and Detainer.** To authorize an action for forcible entry and detainer, the relation of landlord and tenant must be established between the plaintiff and defendant at the time the action is instituted.

2. **Landlord and Tenant: DENIAL OF TITLE.** A tenant cannot, while occupying the premises, deny his landlord's title thereto.

3. **Harmless Error.** Action of the trial court in the admission and exclusion of testimony examined, and *held* not prejudicial.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*E. F. Pettis,* for plaintiff in error.

*A. J. Sawyer* and *H. V. Failor, contra.*

Oldham, C.

This was an action in forcible entry and detainer originally instituted before a justice of the peace in Lancaster county, Nebraska, and taken by appeal to the district court for said county, where, on trial to the court and jury, there was a verdict for the plaintiff and judgment on the verdict. To reverse this judgment defendant brings error to this court.

The facts underlying this controversy are that on and prior to October 1, 1901, one Peter Grass was in possession of a building situated in the city of Lincoln, Nebraska, under a three years' lease of the premises executed to him by Mrs. Hoppe. This lease expired in April, 1903, and contained a condition giving a privilege to the second party of two years more at the same rent and on the same terms, provided the second party gave notice in writing of his intention to avail himself of this option on the first of January prior to the expiration of the lease. Peter Grass was engaged in the saloon business in the building and was selling beer for the Storz Brewing Company, which had advanced him money for his license and was to this extent interested in the business. In October, 1901, Grass sold his saloon fixtures to the defendant Gies and turned over possession of the premises to Gies under the agreement that Gies could conduct the business for the remainder of the year under Grass' license. Gies claimed that Grass agreed to assign him the lease, but this is denied by Grass. When Gies went into possession of the building, Grass continued to pay the rent to Mrs. Hoppe, and Gies paid to Grass. After the building had been occupied for some time under this arrangement, a difficulty arose between Gies and Grass, and Grass threatened to take down his license and close up the place of business. In the settlement of this difficulty, the vice-president of the Storz Brewing Company intervened, and agreed in writing to guarantee Gies against any interference from Grass and to guarantee Grass against any

liability on the lease for rent due to Mrs. Hoppe. When this arrangement was made, Grass assigned the lease to the Storz Brewing Company, and thereafter the Storz Brewing Company paid the rent to Mrs. Hoppe, and Gies paid to the company. When the written lease had expired, Gies made no effort to avail himself of the option of its renewal, and the Storz Brewing Company procured a lease of the building from Mrs. Hoppe in its own name. According to the testimony of Mr. Haubens, vice-president of the brewing company, and Mrs. Hoppe, the owner of the building, this arrangement was consented to by Gies, and he continued in possession thereafter as a subtenant of the Storz Brewing Company by consent of Mrs. Hoppe. Ten months after this latter agreement Gies paid rent monthly to the Storz Brewing Company, and it in turn paid rent to the proprietor of the building. At the end of the ten months Gies stopped paying rent, and after he had been in arrears for some days, the Storz Brewing Company served the statutory notice of three days to quit, and on the expiration of the notice instituted this action.

One of the questions urged in defendant's brief is that the plaintiff has failed to show its right to maintain this action. This question depends on whether or not the relation of landlord and tenant existed between the plaintiff and defendant at the time the action was instituted. Plaintiff's testimony tends to show that this relation did exist, while defendant's evidence is that he never recognized the Storz Brewing Company as his landlord. This question of fact, however, was submitted under proper instructions by the court to the jury, which determined the dispute in plaintiff's favor, and this finding, based, as it is, on competent testimony, we regard as conclusive on this court.

It is also contended by defendant that there is no competent testimony in the record to show that Mrs. Hoppe, the landlady of the premises in dispute, was ever authorized to lease the premises. In view of the fact that

defendant claimed his right to occupy the premises under a lease executed by Mrs. Hoppe to Peter Grass, it does not lie in his mouth to question her right to the ownership of the premises; and again, if, as testified to by plaintiff's witnesses, Gies accepted an oral lease of the building from the Storz Brewing Company for one year and continued in possession under this lease, he cannot now be heard to deny the authority of the plaintiff to execute such a lease. While the trial of the cause took a very wide range and much unnecessary testimony was admitted, the only question involved was as to whether or not the defendant was occupying the premises as plaintiff's tenant at the time the action was instituted, for there was no dispute of the fact that defendant was in arrears of rent and that he owed somebody for the occupancy of the building when the suit was brought.

There are numerous allegations of error in the admission and exclusion of evidence, but no ruling in this regard was in any way prejudicial to the defendant's rights.

There is also complaint of the action of the trial court in striking certain allegations from defendant's answer. The issues in forcible entry and detainer are tried on plaintiff's petition and defendant's plea of "not guilty," and, under this plea, defendant was permitted to introduce everything that in any manner tended to constitute a defense, as well as much extraneous evidence that threw little light on the real issues in controversy. The instructions, as a whole, fairly presented the issues to the jury, and, finding no reversible error in the record, we recommend that the judgment of the district court be affirmed.

AMES, C., concurs.

By the Court: For the reasons given in the foregoing opinion the judgment of the district court is

AFFIRMED.