## 6998. BRACKIN *v.* DESVERGES.

HODGES, J. The undisputed evidence showed that the defendant rented from the plaintiff certain property at a specified sum per month, for a term of eleven months, ending September 22nd, 1911. The defendant continued to occupy the premises after the end of that term, at an increased rental, until January 1, 1914, at which time he secured another place, but he used a part of the premises for storage purposes until the end of March, 1914. This suit was for the rent from March 22, 1914, to September 22, 1914. Where no time is specified for the termination of tenancy, the law will construe it to be for the calendar year. Civil

Code, § 3708. Where one tenders the keys to his landlord and they are rejected, but he nevertheless continues to use a part of the prem-: ises for storage, he is to be treated as taking the premises and becoming liable for the rent for the term of one year. There was no error in the direction of a verdict for the plaintiff.    *Judgment affirmed.*

DECIDED JUNE 23, 1916.

Complaint; from city court of Zebulon—Judge Dupree. September 27, 1915.

*W. V. Custer,* for plaintiff in error, contended that the tenancy was merely a tenancy at will, and cited: Civil Code, §§ 3708-9; *Weed* v. *Lindsey,* 88 *Ga.* 686.

*Hartsfield & Conger,* contra, cited: Civil Code, § 3708; *Cavanaugh* v. *Clinch,* 88 *Ga.* 610; *Roberson & Simons,* 109 *Ga.* 360; *Ridgway* v. *Bryant,* 8 *Ga. App.* 564.