EMMA J. HARWOOD AND ANOTHER v. JOSEPH MELONEY
AND ANOTHER.[1]

January 18, 1918.

No. 20,632.

**Landlord and tenant — tenant holding over liable for rent.**

Where at the end of the term a lessor takes possession of a part of the
leased premises not then occupied by the lessee, but the lessee retains
possession of the remainder and refuses to vacate, the lessor may treat
him as holding over under the lease as to the part retained by him, and
may collect a proportionate part of the rental for the term during which
he continues to occupy it.

Action transferred to the district court for Beltrami county to recover
$1,120. The facts are stated in the opinion. Plaintiffs' motion for judg-
ment on the pleadings was granted, Stanton, J. From the judgment
entered pursuant to the order for judgment, defendants appealed. Af-
firmed.

*S. M. Koefod* and *W. E. Rowe,* for appellants.
*Walter L. Chapin,* for respondents.

TAYLOR, C.

Defendants appeal from a judgment rendered on the pleadings.

The complaint sets forth a written lease by which plaintiffs rented
to defendants a tract of land having a frontage of 400 feet in the town-
site of New Roosevelt for the term of one year from and after the first
day of November, 1911, for the sum of $320. The lease contained the
usual provisions for re-entry, and the usual covenant by the lessees to
surrender the possession of the premises to the lessors at the end of the
term. The complaint further alleged, that defendant took possession
of the premises under the lease, occupied them during the year and
paid the rent therefor; that at the end of the year defendants surrendered
the west 50 feet of the premises, but remained in possession of all the

[1]Reported in 166 N. W. 125.

remainder thereof, and occupied and used the same for a period of 4 years after the term named in the lease had expired; and that the proportion of rent for the part of the premises retained by defendants was seven-eighths of the rent for the entire premises, and demanded judgment therefor. The answer alleged that before making the written lease defendants had occupied the premises from time to time for short periods with the permission of plaintiffs and had paid plaintiffs therefor; that at the time of making the written lease they had a large amount of timber products stored upon the premises; that they were required by plaintiffs either to take a lease for one year for $320, or to remove their property; that plaintiffs falsely represented that they were the owners of the land and entitled to the exclusive possession thereof; that the rent demanded was exorbitant, but to avoid the expense of removing their property defendants executed the lease, occupied the premises during the year, and paid the rental therefor; that before the end of the year they notified plaintiffs in writing that they would not surrender possession at the end of the term, would not renew the lease with plaintiffs and would not recognize plaintiffs as the owners of the premises or entitled to possession thereof, but would recognize the Minnesota & Manitoba Railroad Company as owner of the land and would take a lease from that company therefor; that on November 1, 1912, defendants leased the premises from the railroad company and have ever since held possession and occupied them under the railroad company; that after the first day of November, 1912, plaintiffs took possession of the west 50 feet of the land at a time when defendants were not occupying that part of the premises and have ever since retained possession of such 50 feet; that the rental value of the part of the premises of which defendants retained possession did not exceed three-fourths of the rental value of the whole premises; and that the value of the use of the whole premises did not exceed $40 per year. The answer further alleged that an action is pending, undecided, between the railroad company and plaintiffs to determine the title to the land; and that defendants are informed and believe that the railroad company is the owner thereof.

Plaintiffs made a motion for judgment on the pleadings for $240 per

year, being three-fourths of the rental value as fixed by the lease. This motion was granted and judgment rendered accordingly.

Defendants do not question the rule that a tenant who has received possession of the leased premises from his landlord cannot dispute the title of the landlord until he has returned possession to the landlord or has been compelled to yield to a paramount title. Defendants concede that they received possession from plaintiffs, and make no claim that they have been compelled to yield to a paramount title. They rely for reversal upon the well established rule of the common law that, where a landlord wrongfully evicts his tenant from a part of the demised premises, the whole rent is suspended until the possession of such part has been restored to the tenant. Christopher v. Austin, 11 N. Y. 216; Morris v. Kettle, 57 N. J. Law, 218, 30 Atl. 879; Kuschinsky v. Flanigan, 170 Mich. 245, 136 N. W. 362, 41 L.R.A.(N.S.) 430, Ann. Cas. 1914A, 1228; Halligan v. Wade, 21 Ill. 470, 74 Am. Dec. 108; Moore v. Mansfield, 182 Mass. 302, 65 N. E. 398, 94 Am. St. 657; 16 R. C. L. 953, § 461.

They contend that plaintiffs, by taking possession of the west 50 feet of the land, in effect evicted them therefrom and in consequence thereof are not entitled to recover rent for the remainder of the premises. But the facts do not bring the case within the rule invoked. At the end of the year plaintiffs were entitled to the possession of the entire tract and defendants had covenanted to restore it to them. Plaintiffs found the west 50 feet unoccupied and took possession of it as they had a right to do, but defendants retained possession of the remainder and wrongfully refused to vacate. The landlord does not forfeit his rent under the rule invoked, unless he has dispossessed the tenant of a part of the premises in violation of the terms of the lease. Here there has been no violation of the terms of the lease by plaintiffs. The only violation of the terms of the lease was the refusal of defendants to surrender the remainder of the leasehold at the end of the term. Retaining a portion of the premises gave plaintiffs the right to treat defendants as holding over, and, except for the fact that plaintiffs took possession of a part of the land, they would have the right to collect the full amount of the rent although defendants retained only a portion of the premises. Bless v. Jenkins, 129 Mo. 647, 31 S. W. 938;

Ballance v. City of Peoria, 180 Ill. 29, 54 N. E. 428; Cavanaugh v. Clinch, 88 Ga. 610, 15 S. E. 673.

But plaintiffs having taken possession of the unoccupied part of the land must make a proportionate reduction in the rent. Defendants allege that the rental value of the whole tract is much less than the rental which they had agreed to pay, but as they saw fit to remain in possession in violation of their covenant, and concede that the rental value of the portion retained by them is three-fourths of the rental value of the whole tract, they are not in position to complain because plaintiffs elected to treat them as tenants holding over and accepted their own apportionment of the rent by taking judgment for only three-fourths of the rent reserved by the lease.

Without appearing to place much reliance thereon, defendants also invoke the rule that a tenant, who has been induced to enter into the lease by fraud, may attack his landlord's title, if necessary to enable him to protect rights of which he is being deprived by the fraud. The facts do not bring the present case within this rule. The only misrepresentation charged is that plaintiffs asserted that they were the owners of the land, but the truth of this assertion is denied only upon information and belief; and it is admitted that plaintiffs are asserting their title and seeking to establish it in court against the adverse claimants. Defendants neither have nor claim any interest in the land, except such as they acquired under the lease from plaintiffs and the subsequent lease from the railroad company. While plaintiffs were in unquestioned possession of the land under claim of ownership, defendants voluntarily leased it from them, received possession from them, and have ever since retained such possession without interference by anyone. The lease impaired no rights of defendants in the land, and defendants having taken possession under it, must restore such possession to plaintiffs before they can be heard to dispute plaintiffs' title. Sage v. Halverson, 72 Minn. 294, 75 N. W. 229; also numerous cases cited in note found in 4 Ann. Cas. at page 108, et seq. If the mere fact that the landlord asserted that he was the owner, when in truth he was not, was sufficient ground for permitting the tenant to attack his landlord's title, the rule that a tenant is estopped from denying the title of his landlord would be well nigh abrogated.

Judgment affirmed.