## 10291

### CITY COUNCIL OF CHARLESTON v. TERRY FISH CO.

#### (102 S. E. 13.)

1. LANDLORD AND TENANT—TENANT ESTOPPED TO DENY TITLE OF LANDLORD.—A tenant in possession is estopped to deny the title of his landlord when the landlord proceeds to eject him.

2. LANDLORD AND TENANT—CITY AND NOT DOCK COMMISSION LANDLORD OF PROPERTY LEASED TO DEFENDANT.—In an action by a city council to eject a fish company from premises used by the defendant as a vendor of fish, evidence *held* to show the defendant was the tenant of the city, and not of the dock commission; contract being between mayor of the city and defendant.

Before SHIPP, J., Charleston, Fall term, 1918.   Affirmed.

Proceedings by the City Council of Charleston to eject the Terry Fish Company from premises let to it.   Judgment for plaintiff, and defendant appeals.

The 11 exceptions, made into four grounds, referred to in the opinion, are as follows:

First.  That the notice to quit served on the Terry Fish Company was not a legal notice, as it should have run in the name of the commissioners of the market or the dock commission, but certainly not in the name of the city council of Charleston.

Second.  That the testimony showed that the Terry Fish Company should not have been ejected from the premises occupied by it.

Third. That the Court should have held that the question of title was involved, and that, therefore, the civil and criminal Court had no jurisdiction.

Fourth. That the Court should have held that the Terry Fish Company had a right to offer in evidence the deed and indenture of Charles Costeworth Pinckney and others to the city council of Charleston, dated March 27, 1788, as this would have shown:

(a) That the city council of Charleston is neither the owner nor the landlord of the property at the foot of Market street, occupied by Terry Fish Company.

(b) That the city council of Charleston held the premises occupied by Terry Fish Company only as a trustee for a public market, and that by operation of law and breach of the trust the title to the property was no longer in the city of Charleston.

(c) The Terry Fish Company is in possession of the premises now occupied by it as a part of the public market of the city of Charleston and lawfully in possession under the terms of the trust deed, and, therefore, has an equitable title to said premises, and cannot be dispossessed by the city council of Charleston as trustee in breach of its trust.

*Messrs. Logan & Grace,* for appellant, submit: *If it be held that the commissioners of the market were not the landlords of Terry Fish Company, but that its tenancy was from year to year as contended by the city of Charleston, then three months' notice from the landlord before the end of the calendar year is necessary to terminate such tenancy:* 30 S. C., p. 210. *The Court will take judicial notice of the fact that under the act creating the Civil and Criminal Court of Charleston, it has no jurisdiction where the title to land is involved. A tenant may show that the landlord's title has expired or terminated by operation of law:* 248 U. S., pp. 478-480; 60 Law Ed., p. 758; 26 S. C., p. 608; Ind. S. E.,

p. 3.   *The property occupied by the Terry Fish Company was deeded to the city council of Charleston to use for the purpose of a public market, and Terry, as a member of the public interested in the continued maintenance of the market, had a right to insist upon the execution of the trust:* Cyc., vol. VII, p. 522.

*Mr. M. Rutledge Rivers,* for respondent, submits: *When a landlord allows his tenant to remain in possession after the time stated in the lease, such tenant is presumptively a tenant from year to year:* 90 S. C., p. 50.   *In Charleston where such a tenant is required to vacate the leased property, three months' notice previous to the end of the calendar year must be given:* 30 S. C. 210.   *As to the nature of tenancy, see, also, vol. I, Civil Code, note to paragraph 3502. The Civil and Criminal Court had jurisdiction:* 24 S. C. 507; 10 S. C. 301; 13 S. C. 198; 21 S. C. 598; 32 S. C. 148; 49 S. C. 152; 48 S. C. 189; 81 S. C. 465-466; 96 S. E. R. 481. *The Terry Fish Company which went into possession of the property in question as a subtenant of the tenant of the city council of Charleston is estopped to deny the title of the city council of Charleston:* 21 Cyc., p. 893; 131 Mass. 566; 24 Cyc., p. 934.   *This estoppel is applicable in summary proceedings to recover possession of the leased property:* 24 Cyc., p. 943.   *Before surrender of possession, the tenant cannot set up an inconsistent title in itself acquired from a third person:* 24 Cyc. 949.   *Tenant cannot dispute his landlord's title:* 24 Cyc. 950; 18 Wall. U. S. Supreme Court, p. 436; 1 Nott & McCord, 371.   *As to landlord's remedy:* 54 S. C. 262.   *As to agreement to pay rent:* 97 S. C. 334; 102 S. C. 307; 52 S. C. 1.   *Tenant cannot show that landlord's title has ended:* 4th Strobhart, p. 196-203.   *The trust deed was properly excluded from the evidence:* 15 S. C., pp. 10-35; 65 S. C. 251-256; 75 S. C. 428-432; vol. I, Code of 1912, sections 3996-4000.

January 26, 1920.

The opinion of the Court was delivered by Mr. Justice Gage.

Proceeding by the city of Charleston under section 3509 of the Code of Laws to eject the Terry Fish Company from premises aforetime let to it by the city. The proceeding was instituted before a magistrate, who on June 10, notified the defendant to show cause before the Civil and Criminal Court of Charleston, and that Court granted the remedy. On appeal to the Circuit Court the judgment of the trial Court was affirmed. Now the fish company appeals here from the judgment of the Circuit Court.

The subject matter in issue is the foot of Market street, hitherto for long years used by fishermen as a place to land their catch; and for years lately occupied by the defendant as a vendor of fish.

The appellant has consolidated the 11 exceptions made into four grounds. Let so much be reported at folios 14, 15, 16, 17, and 18 of the appellant's brief, and in lieu of the exceptions. These four grounds we now consider in what s the consecutive order of them.

The jurisdiction of the Court of trial is challenged, and that because the proceeding involves title to land. And that affirmation, that title to land is involved, rests on another contention, to wit, that an examination of an ancient deed from Pinckney to the city would disclose the fact that the city's title is of such a character that the city has not the legal right she now asserts. The trial Court ruled that in a proceeding by a landlord to eject his tenant the tenant could not question the landlord's title. The appellant is not understood to question the rule of law that generally a tenant in possession is estopped to deny the title of his then landlord, when the landlord shall proceed to eject the tenant. The appellant's present contention is that a tenant so situated may prove, in order to defeat ejectment, that his landlord's

title has expired or been terminated by operation of law. It is true the rule of law stated above is not absolute under all circumstances. The appellant has cited a recent case to that effect from the Federal Supreme Court (*Johnson v. Riddle,* 240 U. S. 480, 36 Sup. Ct. 393, 60 L. Ed. 752), and an old case of our own Court is to the same effect (*Givens v. Mullinax,* 4 Rich. 590, 55 Am. Dec. 706), and to like effect is *Tant v. Guess,* 37 S. C. 504, 16 S. E. 472. But the Pinckney deed is not in the "case," and is, therefore, not before us for construction; and all we know about it is what transpired when Mr. Bryan (then attorney for Terry and now deceased) was cross-examining one Dingle, who styled himself "Secretary of the Dock Commission." This is the record of that circumstance:

"Q. Do you happen to know the property of the market, from Meeting street the whole way, what it is known in the city; do you know where it comes from? A. I cannot tell where it comes from? By Mr. Rivers: I object to that because this is a question of landlord and tenant. The question is, Is the city council of Charleston the landlord and the Terry Fish Company the tenant? That is the only question in this branch of the case. I submit it is absolutely incompetent, anything in relation to the title of this property, who it came from and where it comes from. By Mr. Bryan: My point is: First, this property as I expect to prove, is a trust, and the beneficiary is in possession under the terms of the trust. The city holds it in trust, and cannot turn defendant out. I make another proposition, the act of the trustee in this case is a breach of trust, and has no title under the trust deed to turn defendant out. By the Court: Under these pleadings the only question, under section 3509 of the Code, is the right to possession of this property as between the landlord and the tenant, if such a relation is proved between the parties in these proceedings, and, therefore, all other testimony along any other lines will be stricken out; that is the position of the Court. By Mr. Bryan: Excepts to the rul-

ing; the object of the testimony offered is to prove: (1) That the property in question is held as trustee for the use of dealers in fish; (2) that Terry Fish Company is such a dealer in possession under the trust; (3) that the city has committed a breach of trust, and title is not any longer in the city, and by operation of law the title is divested, and under both of these grounds the doctrine that the tenant is estopped to deny the title of the landlord does not apply."

And the present attorney for Terry says in his brief. that "The deed would have shown that the property occupied by the Terry Fish Company was deeded to the city council of Charleston to use for the purposes of a public market, and that the city council, in claiming to take this property out of the hands of the board of market commissioners who have charge of the public market of the city of Charleston, and putting it into the hands of the dock commission, and in endeavoring to eject the Terry Fish Company, was acting in violation of the terms of the trust deed."

The same counsel also says: "That while counsel for the city made an objection that the proper notice had not been given to him that the deed would be produced, yet the real reason why the deed was excluded was upon the ground that this was a proceeding between landlord and tenant, and that the tenant could not dispute the title of its landlord."

Granting that the trust deed has been correctly recited by the apellant's counsel, the terms of it so recited do not negative the right which the city now asserts, for there is no testimony tending to show that the city intends to divert the wharf from the purposes of a public market. And as the deed is not before us, we are limited in the construction of it to what counsel for the defendant has said about it. There is, therefore, no circumstance to exempt the instant cause from the operation of the general rule of law before stated, if Terry was tenant of the city.

We revert now in sequence to the first ground, that the notice to quit ought to have run in the name of the commis-

sioners of the market or the dock commission, and not in
the name of the city. The contention of the appel-
lant is that the dock commission, a creation of statute
law, and not the city, was landlord. But Mr. Bryan
contended at the trial: "That the dock commission is not the
landlord, or the representative of the landlord, in this mat-
ter." And Mr. Terry testified: "I stand under this contract
with Mayor Rhett; he being the landlord and I being the
tenant. I claimed the wharf needed repairs and charged it
to the rent account. I have been there as tenant, first of the
Consolidated Company and afterwards as tenant of the city
council of Charleston, a supposed case of tenancy. I paid
rent."

It is, therefore, perfectly manifest that the city is land-
lord and Terry is tenant under it.

Finally, it is contended by the appellant that Terry was
not formally notified by the city three months before Janu-
ary 1, 1918 (the time set for the tenant to quit), that the
premises should be vacated on that day. About that matter
the appellant's counsel says: "There is, of course, no doubt
that Terry had been notified that possession of the property
occupied by him was desired, but the point we make is that,
if the city council was the landlord, then Terry never received
any three months' notice from such landlord that it was
desired to terminate the tenancy. And this was necessary
before he could be ejected."

Counsel for the city admitted at the bar that the tenant was
entitled to have three months' notice to quit. The testimony
is plain to the effect that on July 2, 1917, Dingle, who was
both secretary of the dock commission and city engineer,
sent the defendant a letter of notification "that the lease of
the city property, east end of Market street, shall terminate
January 1, 1918. And on June 27, 1917, Mr. Barbot, who
was clerk of the city council, sent the Terry Fish Company
a letter, advising it "that the lease of the city property at the
foot of Market street shall terminate January 1, 1918."

And on July 10, 1917, in a regular meeting of the city council, the action of the dock commission first above stated was approved by the council. And on September 5, 1917, the Terry Fish Company acknowledged in a letter to the chairman of the market commissioners that it had received "a notice from the ways and means committee that we are to vacate our present place of business on January 1, 1918."

The judgment below is affirmed.