Textor, Respondent, vs. Estabrook, Appellant.

*March 16—May 9, 1922.*

*Landlord and tenant: Estoppel to deny landlord's title: Tax deeds: Assignment of tax certificates.*

1. A tenant is estopped from denying the title of his landlord in ejectment as well as in equitable and unlawful detainer actions.
2. An indorsement upon the back of a tax certificate thus: A. R. E., "Administratrix of the Estate of" D. J. E., who had during his lifetime purchased the certificates, is ineffectual as an assignment to pass the title to the certificates; and tax deeds issued on such certificates are void. *Eaton v. Manitowoc Co.* 44 Wis. 489, and *Madler v. Kersten*, 170 Wis. 424, followed.

APPEAL from a judgment of the circuit court for Bayfield county: GEORGE THOMPSON, Judge. *Affirmed*.

Ejectment. The controversy relates to lot 12 of block 50 of the original town site of the city of Washburn. The complaint is in the usual form. The answer set up that the plaintiff claims title under a tax deed; that more than three years had elapsed since the recording of the deed; that no action or proceeding had been begun by the grantee in the tax deed or his grantees or any one claiming under him; that during the three years, and ever since, the premises had been in the actual possession of others than the grantee in the tax deed and those claiming under him, and claimed the benefit of sec. 1187, Stats. There was also a general denial.

In the course of the trial the jury were discharged by stipulation of the parties and the case was heard by the court, who made and filed findings of fact. The court found that the plaintiff was the owner in fee simple of the premises; that as heir of his father he became the owner by descent of an undivided part thereof about 1901; that in the year 1903 he became the owner of the whole thereof through a deed which has not been recorded, and that in the year 1905 he also secured another deed to the premises, being a quitclaim from one Fred T. Yates, a tax-title grantee, which deed was duly recorded; that in the year 1901 or 1902 the plaintiff and his cotenants leased to the Estabrook & Olson Furniture Company the premises at an agreed rental of $15 per month; that said Estabrook & Olson Furniture Company continued in the possession of the premises until one D. J. Estabrook became the owner thereof, and that D. J. Estabrook, as the successor to the Estabrook & Olson Furniture Company, continued in the sole occupation of said premises as tenant of the plaintiff until the month of February, 1917, when the defendant, *Harold Estabrook*, a son of D. J. Estabrook, became a partner with his father in the furniture business, and that as partners they continued in the occupation of the premises until the death of D. J.

Estabrook, which occurred about May 18, 1919, and that since the death of the father the defendant has been in the sole occupation of said premises as tenant of the plaintiff; that none of said tenants at any time offered to surrender possession of the premises to the plaintiff or to any one for him; that for a number of years, up to and including the year 1908, the tenants paid rent to Fred T. Yates, who was the agent of the plaintiff; that in 1910 the plaintiff personally demanded payment of the rent, at which time D. J. Estabrook, either personally or as principal managing officer of the Estabrook & Olson Furniture Company, promised to pay the rent. The buildings having been damaged by fire, it was agreed that Estabrook should make repairs, pay the taxes on the premises, and reimburse himself from the rent accrued and to accrue. That thereafter Estabrook made substantial repairs, but did not pay the taxes; that instead of paying such taxes D. J. Estabrook, on or about September 17, 1915, obtained from the county treasurer of Bayfield county an assignment of tax certificates for the tax sales for the years 1910 and 1911, being for taxes unpaid on the premises for the years 1909 and 1910; that subsequent to the death of D. J. Estabrook the administratrix of his estate indorsed said tax certificates by writing on the back of each of them: "Annie R. Estabrook, Administratrix of the Estate of D. J. Estabrook, deceased," and delivered the same to the defendant, no other assignment of said certificates being made, and on or about October 26, 1920, the defendant made and filed affidavits of non-occupancy and applied for a tax deed; that in the affidavit of non-occupancy the defendant set forth and alleged that said premises had not been occupied by any one other than himself for more than thirty days during the six months immediately preceding the making of the affidavits. Tax deeds were thereafter issued and duly recorded. The court then made findings as to certain defects appearing in the tax proceedings, which, in the view we take of the case, are not material.

The court further found that on April 26, 1920, a notice to quit and deliver up the premises was duly served.

It was stipulated upon the trial that in case plaintiff should recover he should be allowed to recover rent at the rate of $15 per month since February, 1917, the time during which the defendant had been in possession.

The court found as conclusions of law that the tax deeds obtained by the defendant on the tax sales of 1910 and 1911 were void and that they should each of them be canceled and set aside; that the purchase of the certificates by D. J. Estabrook in 1909 and 1910 constituted a payment of taxes; that notice to quit was duly given and plaintiff is entitled to immediate possession of the premises; and judgment was entered accordingly, awarding the immediate possession of the premises to the plaintiff and for damages and costs amounting to $767.56, from which the defendant appeals.

*A. W. MacLeod* of Washburn, for the appellant.

For the respondent the cause was submitted on the brief of *C. F. Morris* of Washburn and *John J. Fisher* of Bayfield.

ROSENBERRY, J.    The court found that the plaintiff was the owner in fee simple of the premises in question.    The admissibility of the evidence to sustain this finding is challenged by the defendant, and the defendant sought to show a superior title in himself.    The court also found, and there is abundant competent evidence to support the finding, that the defendant, during all the times in question, was the tenant of the successive owners of the premises.    Being a tenant, the defendant was estopped from denying the title of his landlord.    *Pulford v. Whicher,* 76 Wis. 555, 45 N. W. 418; *Emerick v. Tavener,* 9 Gratt. 220, 58 Am. Dec. 217. See, also, *Ill. Steel Co. v. Budzisz,* 139 Wis. 281, at p. 295, 119 N. W. 935, 121 N. W. 362.

The rule is applicable in ejectment as well as in equitable and unlawful detainer actions.    *Jones v. Reilly,* 174 N. Y.

97, 66 N. E. 649; *Card v. Deans,* 84 Neb. 4, 120 N. W. 440; · *City Council of Charleston v. Terry F. Co.* 113 S. C. 247, 102 S. E. 13.

It being found upon sufficient evidence that the relation of landlord and tenant existed between the plaintiff and the defendant, we dismiss from further consideration assignments of error relating to the evidence offered and received to establish the plaintiff's title.

The defendant claims title under two tax deeds referred to in the statement of facts. The defendant derived title to the tax certificates upon which these deeds were based by virtue of an assignment of the tax certificates by Annie R. Estabrook, administratrix of the estate of D. J. Estabrook. The assignment was made by the administratrix indorsing upon the back of each certificate the following: "Annie R. Estabrook, Administratrix of the Estate of D. J. Estabrook, · deceased." There was no other attempted assignment of these certificates. We think this assignment was ineffectual to pass the title to these certificates under the rule laid down in *Eaton v. Manitowoc Co.* 44 Wis. 489, and *Madler v. Kersten,* 170 Wis. 424, 175 N. W. 779. We are urged to overrule these decisions, but, as stated in *Madler v. Kersten,* they have become a rule of property, and the reasons urged here for overruling them were urged in the case of *Madler v. Kersten.*

The defendant therefore had no title to the certificates and took no title to the premises by virtue of the tax deeds issued to him. His claim to a superior title by virtue of the tax deeds therefore fails.

The conclusion we have reached renders unnecessary a discussion of the other questions raised.

*By the Court.*—Judgment affirmed.