## C. H. SMITH v. JOHN HARVANKO.[1]

### October 3, 1924.

### No. 24,075.

**Forcible entry and detainer.**

Tenant in possession under a lease estopped from questioning its validity. [Reporter.]

Action in unlawful detainer in the municipal court of Minneapolis. The case was tried before Reed, J., who when plaintiff rested denied defendant's motion to dismiss and ordered restitution of the premises or $67.50 and costs. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*D. L. Kennedy* and *Lawrence Severson,* for appellant.

*LeRoy Bowen,* for respondent.

PER CURIAM.

Plaintiff brought this action in the municipal court of the city of Minneapolis under the unlawful detainer statute and obtained a judgment for possession of a parcel of land in that city. Defendant appealed.

The undisputed evidence shows that defendant entered into possession of the premises in March, 1921, under a written lease for a term of one year from October 1, 1920, by the terms of which he agreed to pay a rental of $22.50 per annum in quarterly instalments in advance on the first days of October, January, April and July of each year; that he was still in possession at the trial of the action in January, 1924, and that he had never paid any rent.

Defendant insists that the lease is void and not binding upon him for the reason that it was executed in the name of the lessor, a married woman, by an agent who derived his authority to execute it through the husband of the lessor, and for the further reason that it appears from the lease that his own signature was affixed thereto by his wife and there is no proof that she signed it at his instance.

It is sufficient to say that as defendant is in possession under the lease and has no rights in the property except those derived from it, and no one else questions its validity, he is estopped from doing so while he remains in possession. We find no merit in any of the other questions sought to be raised.

Judgment affirmed.

[1]Reported in 200 N. W. 90.