AEGERTER, Appellant, v. HAYES, Respondent.

(226 N. W. 345.)

(File No. 6283. Opinion filed June 27, 1929.)

338

*Williams, Sweet & Tscharner*, of Rapid City, for Appellant.
*Buell, Denu & Philip*, of Rapid City, for Respondent.

MORIARTY, C. This is an action in forcible entry and detainer, the complaint alleging that the plaintiff is the owner of the real property involved, and that the defendant is a tenant holding over after the expiration of the term of his lease.

The plaintiff had judgment in justice court. From that judgment the defendant appealed and a trial de novo was had in the circuit court. This trial was to a jury, and resulted in a verdict and judgment in favor of the defendant.

From that judgment and from an order denying a new trial the plaintiff has appealed to this court.

The assignments of error raise the question of the sufficiency of the evidence, of the propriety of certain rulings of the trial court upon the admission of evidence and of certain instructions

given to the jury and duly excepted to, and it is further urged that the trial court erred in denying the plaintiff's motion for the direction of a verdict in his favor, and in denying his motion for judgment notwithstanding the verdict.

The plaintiff, appellant in this court, put in evidence a written instrument dated January 22, 1924, and which the respondent admits that he signed on that date. This instrument recites: "This agreement made in duplicate this 22nd day of January, 1924, by and between John J. Hayes, party of the first part, and E. C. Aegerter, owner of the real estate hereinafter described, party of the second part: Witnesseth that the party of the first part hereby agrees to and with the party of the second part, for the consideration hereinafter named, to well and faithfully till and farm, during the season of farming in the year 1924, commencing February 1st, 1924, and ending March 1st, 1925, the following described premises and real estate"—describing the lands in controversy herein.

This is followed by provisions entitling Hayes to the possession and occupancy of the premises during the term covered by the instrument, and by the ordinary provisions of a farm contract, on shares, but by nothing in any way modifying the term of occupancy as set forth in the portion above quoted.

It was admitted by the defendant that he read this instrument at the time of signing and that he knew that it provided for a tenancy terminating March 1, 1925; that he occupied the premises in controversy in conformity with the terms of the writing and is still in possession, and refuses to surrender possession in compliance with the plaintiff's demand.

As a defense the trial court allowed the defendant to testify that he had secured possession of the premises in controversy about March 1, 1918, under a written contract whereby he agreed to purchase the premises from the plaintiff and plaintiff agreed to sell the premises to him; that he made large payments on said contract; that he became insolvent and unable to complete the purchase-money payments and surrendered the contract, but with the express understanding and agreement that he should remain in possession of the premises until the whole of the land could be sold by the plaintiff, and defendant reimbursed for his payments on the sale contract. He was further allowed to testify that at the time he signed the lease, or cropping contract for 1924, it was understood

that his entering into this writing would not in any way interfere with his continuing in possession of the land and that he should have the right to remain in possession of the premises until the land was sold and he was repaid the amounts he had paid on the purchase price under the sale contract. And he testified that at the time the lease was presented for his signature, the plaintiff and the attorney who drew the lease told him that it would not prevent his continued occupancy of the land. Timely objections were interposed to the admission of these items of evidence and exceptions taken to the overruling of such objections.

■■ Whether the writing in question be termed a lease or a cropper's contract, it contains a recognition of Aegerter's right as owner, an agreement to pay rent, and a definite limit to the term of occupancy to be covered by the contract. These are held to establish the relation of landlord and tenant, and, so far as that question is concerned, the writing is a lease. Tiffany, Landlord and Tenant, §§ 10 and 20; Jones, Landlord and Tenant, § 46; State v. Municipal Court of City of Crookston, 123 Minn. 377, 143 N. W. 978; Minneapolis Iron Store Co. v. Branum, 36 N. D. 355, 162 N. W. 543, L. R. A. 1917E, 298; Mower v. Rasmusson, 34 N. D. 233, 158 N. W. 261.

■ Hayes having entered into the lease whereby he admitted Aegerter's rights as landlord was estopped from denying his landlord's title, so long as he remains in possession of the property. And this rule applies even when the tenant was in possession when the lease was signed, and where the tenant claims title in himself. To assert such claim he must first surrender possession. McManus v. Maloy, 30 S. D. 373, 138 N. W. 963; Smith v. Harvanko, 160 Minn. 532, 200 N. W. 90; Cheyne v. Quackenbush, 198 Iowa, 420, 199 N. W. 367; Textor v. Estabrook, 177 Wis. 135, 187 N. W. 998; Williams v. Wait, 2 S. D. 210, 49 N. W. 209, 39 Am. St. Rep. 768; Sage v. Halverson, 72 Minn. 294, 75 N. W. 229; Gies v. Storz Brewing Co., 75 Neb. 698, 106 N. W. 775; Card v. Deans, 84 Neb. 4, 120 N. W. 440; Green Bay & Miss. Canal Co. v. Telulah Paper Co., 140 Wis. 417, 122 N. W. 1062; Thomas v. Young, 81 Conn. 702, 71 A. 1100.

The trial court not only admitted the evidence above referred to but the jury was instructed that:

"If as defendant Hayes contends he had a right to stay upon the land for an indefinite period of years until the land was sold by the plaintiff, then the right of possession is not determined by the lease, Exhibit 1."

"The question for you to decide is whether the lease which has been offered in evidence here embraces the entire agreement between the parties as to the right of possession."

The giving of these instructions was duly excepted to, and it is assigned as error.

■ The learned trial court committed reversible error in giving these instructions. Under the law of this state the execution of the written lease "excludes all oral stipulations and negotiations concerning its matter which preceded or accompanied its execution." Section 860, Rev. Code 1919; Gardner v. Welch, 21 S. D. 151, 110 N. W. 110; Kimm v. Wolters, 28 S. D. 255, 133 N. W. 277; Phelan v. Neary, 22 S. D. 265, 117 N. W. 142.

The defendant in his answer pleaded that his execution of the contract was secured by fraudulent representations, and he testified that when the writing was prepared for his signature both the plaintiff and the attorney who drew the instrument told him that it would not interfere with his continued possession of the land. This was disputed by the plaintiff, but the trial court gave no instructions as to the question of fraud, nor were any such instructions requested.

The defendant also testified that he had a conversation with the plaintiff, in October, 1924, in which Aegerter said he would give defendant a lease for another year on the same terms as those of the existing lease. The plaintiff denied that there was any such conversation. Although this evidence was admitted, the trial court instructed the jury that any such agreement would be void "unless some memorandum thereof be in writing and subscribed by the party to be charged, or his agent thereunto authorized in writing."

■ This instruction was not excepted to, and, technically considered, it has become the law of the case. But it was erroneous, as this court has held that an oral lease for one year to begin at some future date is valid. Paulton v. Kreiser, 18 S. D. 487, 101 N. W. 46, 5 Ann. Cas. 827.

 The only theories upon which the defendant can prevail in this case are that his execution of the lease was secured by fraud, or that there was an oral agreement constituting a lease for an additional year. The evidence on each of these questions was conflicting but neither question was submitted to the jury. Thus the real matters at issue have never been tried, although there is evidence which would support a verdict either way if properly submitted.

Undoubtedly the learned trial court was induced to admit evidence as to defendant's alleged rights by the consideration that defendant had made substantial payments on the purchase price of the land. But that is not a matter to be adjudicated in this action.

If Hayes has any agreement with Aegerter whereby he is to be repaid any part of his payments under the sale contract, his relief must be sought in some other form of action.

 In an action in forcible entry and detainer only the immediate right of possession is involved. Vidger v. Nolin, 10 N. D. 353, 87 N. W. 593; Stone v. Blanchard, 87 Neb. 1, 126 N. W. 766; Newton v. Leary, 64 Wis. 190, 25 N. W. 39.

The equitable rights of parties cannot be litigated in this form of action. William Weisman Holding Co. v. Miller, 152 Minn. 330, 188 N. W. 732; Towles v. Hamilton, 94 Neb. 588, 143 N. W. 935; Kelley v. Kelley, 187 Iowa, 349, 174 N. W. 342.

The judgment and order appealed from are reversed, and the case is remanded for further proceedings in accordance herewith.

SHERWOOD, P. J., and POLLEY and BROWN, JJ., concur.
CAMPBELL and BURCH, JJ., dissent.