Fred R. FREYER, Appellant,

v.

David B. MICHELS, Appellee.

No. 15999.

Court of Civil Appeals of Texas.

Dallas.

July 13, 1962.

Rehearing Denied Sept. 28, 1962.

- ——◆———

Wm. Andress, Jr., Dallas, for appellant.

Charles J. Winikates, Dallas, for appellee.

DIXON, Chief Justice.

Our former opinion in this case is withdrawn and the following is submitted in lieu thereof:

Appellant Freyer filed suit against appellee for the balance alleged to be due under the terms of a written residential lease contract covering a period of twelve months. The petition alleged that after occupying the property in question for eight months and paying eight monthly rental installments, appellee moved from the premises and refused to pay the four remaining monthly installments. Appellant also sued for yard work paid for by appellant during the four months period, for certain damages alleged to have been done to the property, and for reasonable attorney's fees.

In his answer appellee alleged that appellant failed to keep his promise to repaint two screen doors, failed to paint the back door and garage, failed to put the attic fan in working order and failed to repair certain concrete steps and a rotting trellis.

But the principal issues on the trial and the present appeal were raised by appellee in a cross-action in which he prayed for cancellation of the lease contract because appellant, the landlord, had "sealed off" a portion of the attic and was using the space for storing certain personal property, thus denying appellee, the tenant, full use of the attic.

Appellant answered the cross-action with a supplemental petition in which he pled waiver and estoppel.

After trial before a jury judgment was entered denying appellant any recovery under the lease contract and awarding appellee a judgment for $148.00 on his cross-action. The last named sum had been found to be the rental value of the portion of the attic used by appellant as storage space.

Some of the facts are undisputed. Appellant, an airplane pilot, the owner of the property, formerly occupied the premises as his home, but was transferred to Florida where he now resides. Rental of the property is being handled by the Gordon Jackson Realty Company. C. Gordon Jackson, Jr. handled most of the matters relating to the lease here involved, though his father, C. Gordon Jackson, Sr. was active too.

Sometime in July 1958 appellee, also an airplane pilot, was transferred from Baltimore, Maryland to Dallas, Texas. Gordon Jackson, Jr. twice showed him the subject property. On August 3, 1958 appellee signed a lease covering a period of one year beginning August 15, 1958 for a consideration of $2,220 payable $185 per month. The lease provided that appellee would accept the premises in their present state and condition.

On the two occasions when appellee looked at the house prior to executing the lease he inspected the entire house except the attic. Jackson had shown him the disappearing stairway leading to the attic, but appellee had not bothered to climb up to look at the attic. Both appellee himself and Gordon Jackson, Jr. testified that no attempt was made to keep appellee from inspecting the attic, and that he could have done so had he desired.

Appellee soon discovered that a portion of the attic had been set apart by a padlocked chicken wire fence. He made the discovery while the trucks were moving in his belongings on or about August 15, 1958. Within the space appellant had

stored a trunk and some personal belongings. Nevertheless, appellee finished moving into the premises and thereafter for eight months regularly made the rental payments of $185 per month.

On March 15, 1959 appellee addressed a letter to appellant's real estate agents advising that he, appellee, was vacating the property. In this letter he made no complaint or even mention of the space in the attic which the landlord had continued to use for storage purposes. He made no mention of the fact that he had recently bought a home and was planning to move into it.

Here the undisputed facts may be said to end. It is disputed whether appellee ever complained about his not having been given full possession of the attic. Appellee says he made several telephone complaints about the attic situation and other matters. Both Gordon Jackson, Jr. and Gordon Jackson, Sr. deny that appellee ever complained to them about the attic. They further testified that though their complaint file shows complaints from appellee about the plumbing, door knobs and painting, their records do not show any complaint about the attic.

The Jacksons testified that in small routine matters they had authority to act without consulting appellant, their client. For example in regard to the plumbing and other complaints they sent out repair men to remedy the defects. With reference to the painting of the garage and other portions of the house, they wrote to appellant for instructions. They testified that they had authority to remove appellant's personal property from the attic if appellee complained.

The jury returned a verdict finding (1) against appellant as to any reasonable charge for yard work during the four months' period; (2) that appellee delivered up the premises to appellant in good order and condition; (3) that $148 would compensate appellee for the part of the premises that was not made available to appellee; and (4) that after appellee knew that a portion of the attic was occupied by appel-

lant's belongings he did not intend to use the remainder of the premises to the benefit of his family and himself as their residence.

■ Appellant's first, second and third points on appeal assert in substance that lessee had no right to terminate or rescind the lease after occupying the premises for eight months of a twelve months' lease because of a reservation of a portion of the attic (1) when he knew of the reservation immediately upon going into possession, (2) when the lease expressly provides that the lessee accepts the premises in their present state and condition; and (3) when there is no finding of a demand for possession and its refusal.

We shall not hold that the lease provisions about accepting the premises in their present state and condition preclude appellee from complaining in the present case. But we have concluded that appellant's first three points on appeal should be sustained on other grounds.

■ In this case appellee pled fraud, but no issues were requested and none were submitted in regard to fraud. Appellee's judgment for rescission rests on breach of contract. Though there are some exceptions to the rule, it is held generally that the equitable relief of rescission will not be granted for a mere breach of contract in the absence of a finding of fraud. In such cases the complaining party will be relegated to his remedy of damages. Minneapolis Moline Co. v. Purser, 361 S.W.2d 239; Chenault v. County of Shelby, Tex.Civ. App., 320 S.W.2d 431; Davis v. Commercial Standard Ins. Co., Tex.Civ.App., 194 S.W.2d 599, 605; Cheek v. Metzer, 116 Tex. 356, 291 S.W. 860, 863; Johnson v. Johnson, Tex.Civ.App., 272 S.W. 225, 227; 10 Tex.Jur.2d 305; 12 C.J.S. Cancellation of Instruments § 29, p. 982.

■ Even when fraud has been found one who seeks to rescind a contract must act with diligence after discovering the fraud. Daniel v. Goesl, 161 Tex. 490, 341 S.W.2d 892; Dobbs v. Johnson, Tex.Civ.

App., 230 S.W. 1035; Deep South Oil Co. of Texas v. Texas Gas Corporation, Tex. Civ.App., 328 S.W.2d 897, 906–907. Here appellee discovered the situation in the attic when he moved into the premises, yet he continued his occupancy for eight months. When he notified appellant by letter that he was vacating the property he did not complain about the attic. In fact it is disputed whether he even complained about the attic in any form, verbally or in writing, until he filed his cross-action sometime subsequent to December 18, 1960.

■ In our opinion appellee has failed to show that he has no adequate remedy at law. His pleadings and the undisputed facts fail to demonstrate that he will sustain serious and irreparable pecuniary injury unless the relief of cancellation is granted. These are essential factors in a suit for rescission. Chenault v. County of Shelby, Tex.Civ.App., 320 S.W.2d 431.

■ It is also a general rule in connection with rescission that the party seeking the equitable remedy of rescission must do equity, that is, he must restore the original status. He will not be allowed to repudiate the instrument and retain the benefits received under it. Texas Company v. State of Texas, et al., 154 Tex. 494, 281 S.W.2d 83, 91. Here appellee, by occupying the premises for two-thirds of the lease term, without protest or complaint so far as any jury finding is concerned, has placed it beyond his power to restore the status quo. Under the circumstances appellee is not entitled to the equitable remedy of rescission.

Appellee objected to the court's charge because it failed to submit the question whether appellee ever demanded and was refused possession of that portion of the attic occupied by appellant's belongings. The court refused to submit such an issue.

The evidence was in conflict on the question whether appellee demanded and was refused such possession. Appellee says he did complain. The two Jacksons say he did not. If appellee demanded possession and was refused, it was still his duty after such refusal, to act promptly if he desired to rescind the contract. If, as the Jacksons testified, he never made demand for full possession of the attic though he knew part of it was being used by appellant, the question of waiver would be present even as to appellee's action for damages.

Appellee says the question is not material whether appellee demanded and was refused possession. In support of his view he cites Langham's Estate v. Levy, Tex.Civ.App., 198 S.W.2d 747 and Moore v. Mansfield, 182 Mass. 302, 65 N.E. 398. Neither of the cited cases is in point.

In the Langham's Estate case the court simply held that appellee was not under any obligation to demand or take possession of the premises so long as they were not ready for occupancy by him. There is no holding that appellee could move into the premises with knowledge of their condition, occupy them for two-thirds of his lease, then repudiate the contract.

In the Moore case it was definitely established that the tenant did demand and was refused possession of the attic, and that he insisted on his rights. In obiter dictum the court said that the question of demand and refusal would have been material if the question of waiver had been involved. Waiver was not involved in the Moore case. It is involved in the present case.

Under the circumstances appellee is not entitled to the equitable remedy of rescission.

Appellant's first three points are sustained.

■ In his fourth point appellant says that there was no evidence to support the jury's answers of "none" in answer to the issue inquiring as to the total recoverable and necessary charge for yard maintenance work done by appellant's agents between May and August 15, 1959. This point was not preserved in appellant's amended motion

for new trial so cannot be considered on appeal. Rule 374, Texas Rules of Civil Procedure.

In his fifth point appellant says that there was no evidence to support the issue inquiring as to the amount that would compensate defendant for the part of the premises not made available to him.

Appellee testified that he estimated the attic space occupied by appellant's belongings constituted one-tenth of the entire square footage of the house; and that one-tenth of the rental for the eight months occupancy by appellee ($\frac{1}{10} \times 8 \times \$185$) amounts to $148. We cannot say that the jury finding has no support in the evidence. Appellant's fifth point is overruled.

Having sustained appellant's first three points, we reverse the trial court's judgment and remand the cause for another trial.